UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:19-cv-234-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| HAROLD W. ROBERTS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

The Parties, through counsel, filed a Joint Stipulation of Dismissal [DE 20] indicating that all claims against Defendant JP Morgan Chase may be dismissed with prejudice. The claims against other Defendants will remain.

Here, because dismissal of claims against a single party is not appropriate under Federal Rule of Civil Procedure 41, the Court construes the Joint Stipulation of Dismissal [DE 20] as a motion to dismiss under Rule 21. Accordingly, the Parties' Joint Stipulation of Dismissal [DE 20], which the Court construes as a motion to dismiss under Rule 21, will be **GRANTED** and the claims against JP Morgan Chase will be **DISMISSED WITH PREJUDICE.**

### A. FACTUAL AND PROCEDURAL HISTORY

On June 3, 2019, the United States filed a Complaint against Defendants Harold W. Roberts and Debra W. Roberts. [DE 1]. On August 23, 2019, the United States filed an Amended Complaint

1

adding Defendants Wesbanco Bank, Inc. and JP Morgan Chase. [DE 4]. Now, the Parties agree to dismiss all claims against JP Morgan Chase with prejudice. [DE 20]. As a result, this matter is ripe for review.

## B. DISCUSSION

Here, the Parties agree to dismiss JP Morgan Chase from this action. But, as this Court has previously explained, Rule 41(a) does not allow a court to dismiss some, but not all, of the defendants in a single case. *See United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462 (E.D. Ky. 2018). In the Sixth Circuit, a plaintiff may only dismiss an "action" using Rule 41(a) and an "action" is interpreted to mean the "entire controversy." *Philip Carey Manufacturing Company v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). While some Circuits disagree with the Sixth Circuit's interpretation of Rule 41(a), this Court is bound by Sixth Circuit precedent. *See Preferred Care*, 326 F.R.D. at 464; *see, e.g.*, *Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 693–94 (D. Utah 2015) (discussing the circuit split and citing cases).

But this does not end the analysis, because the Court construes filings "by their substantive content and not by their labels," and, as such, this Court will consider the Agreed Order of Dismissal [DE 64] as a motion to dismiss a party under Rule 21. *See Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-cv-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011).

Rule 21 may be used for the dismissal of a single defendant. *See Taylor*, 286 F.2d at 785 ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single defendant should be taken); *see also Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212 (E.D. Tenn. Jan. 30, 2017) ("Rule 21 is the more appropriate rule"); *Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("the Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41"); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012). Thus, the Court construes the Joint Stipulation of Dismissal [DE 20] as a motion to dismiss a single party under Rule 21.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The rule applies where "no relief is demanded from one or more of the parties joined as defendants." *Letherer*, 328 F.3d at 267. Normally, under the rule, Courts must consider prejudice to the nonmoving party. *See Wilkerson*, 2017 WL 401212, at *2; *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). The inquiry overlaps with Rule 41 standards "as guidance in evaluating

potential prejudice to the non-movant." *Wilkerson*, 2017 WL 401212, at *2. Courts determine whether the nonmoving party would suffer "plain legal prejudice" and consider: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending." *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). While the Parties have agreed to dismiss, the Court considers the relevant factors below.

First, JP Morgan Chase has not filed an answer, so it has likely expended little time and few resources, if any, preparing for trial in this matter. In fact, the Court has yet to enter a scheduling order, so there is no trial date pending in this case. As a result, the first factor supports dismissal.

Second, there is no indicia of any delay or lack of due diligence on the part of the United States in this matter. It appears that the United States is engaging in a good faith attempt to resolve the dispute in a timely manner, which supports dismissal.

Third, JP Morgan Chase asserts no claim to the property at issue in this matter, so the explanation for the dismissal of JP Morgan Chase as a Defendant is sufficient. [DE 20, at 1]. As such, this factor weighs in favor of dismissal under Rule 21.

4

Fourth, and finally, there is no pending motion for summary judgment in this matter. Thus, the fourth factor also weighs in favor of dismissal.

Here, four of the four relevant factors to be considered before dismissal under Rule 21 weigh in favor of dismissal of the claims against JP Morgan Chase. Accordingly,

**IT IS ORDERED** as follows:

(1) The Court construes the Parties' Joint Stipulation of Dismissal [DE 20] as a motion to dismiss pursuant to Federal Rule of Civil Procedure 21;

(2) The Joint Stipulation of Dismissal [DE 20] is **GRANTED;**

(3) All claims against Defendant JP Morgan Chase are **DISMISSED WITH PREJUDICE;** and

(4) This dismissal does not apply to the other Defendants in this matter

This the 3rd day of December, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge